UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-81503-CV-MIDDLEBROOKS

2 3 SUITED, LLC,

    Plaintiff,

v.

JIGARKUMAR PATEL a/k/a Jigar Patel;
DIPAK PATEL; LARRY PATEL;
PRADIP SANJAY PATEL a/k/a Jay Patel;
UDAY RAVAL; LARRY PATEL 2018
IRREVOCABLE TRUST; MARVELE, LLC;
SIX GROOVE LLC; AND WELDON
DEVELOPMENT LLC,

    Defendant.
_____/

## ORDER SETTING ORAL ARGUMENT

**THIS CAUSE** is before the Court on two Motions to Dismiss. Defendants Larry Patel 2018 Irrevocable Trust and Larry Patel (together, "the Patel Defendants," individually "the Patel Trust," and "Larry Patel") jointly moved to dismiss Plaintiff's Amended Complaint (DE 80), and all other Defendants jointly filed a separate Motion to Dismiss. (DE 81). Both Motions were filed on October 4, 2024. Plaintiff filed an omnibus Response to both Motions on October 18, 2024. (DE 83). Two Replies followed suit: the Patel Defendants filed their Reply on November 1, 2024 (DE 89), and all other Defendants jointly filed their Reply that same day. (DE 88).

This case concerns four agreements to purchase stock. Plaintiff 2 3 Suited is an LLC owned solely by Florida resident Leonard Tannenbaum ("Tannenbaum"), a macro investor who has underwritten almost $10 billion in loans. Over the course of 2021, Tannenbaum agreed to buy millions of shares of stock—through Plaintiff, his LLC—in Defendant Jigar Patel's company Devi Holdings, Inc. ("Devi"), which is a "licensed cultivator and retailer of both medical and adult-use

cannabis." The crux of Plaintiff's Amended Complaint is that in encouraging Tannenbaum's purchase of Devi stock, Defendant Patel made misleading representations and omissions to Tannenbaum concerning Devi's finances. The reality was that Devi had millions of dollars in unpaid tax liability and other financial troubles that were not disclosed to Tannenbaum, which—when such troubles came to light—rendered the purchased stock worthless. Plaintiff now seeks rescission of the four stock purchase agreements ("SPAs") pursuant to the Securities and Exchange Act, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5, the Florida Securities and Investor Protection Act ("FSIPA"), and numerous common law claims sounding in fraud.

    The instant Motions raise a myriad of interrelated questions of statutory and contractual interpretation. The four SPAs contain, in relevant part, identical provisions which seemingly affirm Plaintiff's waiver of any reliance on Defendant Patel's representations. (*See* DE 72 at 18–21). Previously, I found that under Delaware and New York law, these provisions effectively foreclose Plaintiff's claims of fraud, as they are sufficiently clear in disclaiming Plaintiff's reasonable reliance on extra-contractual representations—a necessary element of fraud. (*Id.* at 24–30). Central to that inquiry was the appropriate body of state law applicable to the SPAs. By their own terms, the SPAs state that their provisions are to be read in accordance with the laws of New York and Delaware. Plaintiff, however, claimed that the SPAs should be read against the more stringent principles of Florida law, as its claim for rescission vitiated the SPAs in their entirety—including the choice of law provisions. Ultimately, I rejected Plaintiff's theory. I determined that Plaintiff originally filed suit seeking damages against Defendants, and failed to style its action as a proper claim for rescission. In so doing, I observed that "[t]he word 'recission' appear[ed] nowhere within the first 106 paragraphs of the Complaint," and that "the clear remedy that Plaintiff seeks—damages—precludes any argument that it is requesting recission of the SPAs." (*Id.* at 16–17).

2

Plaintiff has now filed an Amended Complaint seeking only rescission, citing related theories of state, federal, and common law. (DE 73). The main thrust of the instant Motions is that Plaintiff originally sought damages against Defendants, and in so doing "ratifie[d] the contract[s]," thereby rendering the equitable remedy of rescission inaccessible. (DE 72 at 17); *see Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co.*, 761 So.2d 306, 313 (Fla. 2000). Defendants also cite several other traditional requirements needed to state a common law claim for equitable rescission—such as the requirements to give timely notice of rescission and to return the purchased stock—which they allege Plaintiff has failed to satisfy. Alternatively, Defendants reiterate that even if Plaintiff's rescission claims were not foreclosed by equitable principles, Plaintiff would still be unable to state a claim for relief, as the SPAs dispositively disclaim Plaintiff's reasonable reliance on Defendant Patel's representations under New York and Delaware law.

Plaintiff responds that Defendants are incorrect on all fronts. Plaintiff insists that because it has amended its Complaint, any reliance on its previous filings is in error, as the amendment renders the original Complaint a legal nullity. *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006)) ("[E]ven if [an] original complaint could be construed to affirm the proposed contract, that pleading [is] wholly superseded by the amended complaint which proceeded under a different theory."); *see also Hoefling v. City of Miami*, 811 F.3d 1271, 1277–79 (11th Cir. 2016). Plaintiff also contends that under the FSIPA, rescission "is the exclusive, mandatory remedy where, as here, the purchaser still owns the securities at issue." (DE 83 at 12 (emphasis removed)). Under the statutory claim of rescission, Plaintiff contends, ordinary equitable requirements—such as the obligation to disgorge the benefit of the contract (here, the purchased stock)—do not apply, but rather "[o]ne must sue for rescission while still owning the stock, as the plain language of FSIPA contemplates." (*Id.* at 13).

3

Aside from the statutory requirements of its rescission claim, Plaintiff separately asserts that the SPAs do not foreclose its requested relief. It renews the objections made previously, that "[b]ecause Plaintiff seeks to rescind the stock purchases at issue, 'the choice-of-law provisions within the SPAs would be deemed nonexistent, [and] the Parties would revert to the 'status quo,' whereby Florida backdrop legal principles govern.'" (DE 83 at 15 (quoting DE 72 at 16)). This, Plaintiff contends, reaffirms the applicability of Florida law, which recognizes the "well-established principle . . . that 'a party cannot contract against liability for his own fraud' unless 'the parties agree that the contract may not be cancelled or rescinded for such cause.'" (DE 72 at 16 (quoting *Oceanic Villas, Inc. v. Godson*, 148 Fla. 454, 458–59 (1941))).

Now that the Amended Complaint squarely raises a claim of rescission, I am confronting many of the issues raised therein for the first time, albeit without a blank slate. Upon review of applicable law and the Parties' briefings, I find further argument from the Parties is needed to clarify the relationship between the FSIPA and the equitable remedy of rescission. As is evident from Defendants' Replies, the connection is somewhat unclear. In the same section, one Reply explains that "while 'the statute affords relief in the form of 'rescission . . . the underlying cause of action is statutory, not equitable rescission," before then suggesting that Plaintiff's FSIPA claims fail on usual *equitable* grounds—that is, Plaintiff did not supply "notification" and did not prove it had "no adequate remedy at law." (DE 88 at 9–10). The Patel Defendants' Reply does not expressly address the FSIPA claims at all; rather, it focuses on foreclosing "[Plaintiff's] common law rescission claim" without reference to the statutory elements of the FSIPA. (DE 89 at 8).

The confused state of the briefing is not surprising, as the distinction between a claim of equitable rescission at common law and a claim for rescissory damages under the FSIPA is a niche issue, which is ill-defined under controlling law. Turning first to what *is* clear, Plaintiff is not

asserting *only* a common law claim for rescission, but also cites section 517.211 of the FSIPA, which provides rescissory damages for any security agreement fraudulently obtained in violation of section 517.301. "The elements of a cause of action under § 517.301 are identical under the Federal Rule 10b-5, except that the scienter requirement under Florida law is satisfied by a showing of mere negligence." *Gripp v. Perazzo*, 357 F.3d 1218, 1222 (11th Cir. 2004). Further, "[t]he buyer need not show any causal connection between the misrepresentation and his damages; indeed, he need not even show that he has been damaged." *E. F. Hutton & Co. v. Rousseff*, 537 So. 2d 978, 981 (Fla. 1989) (citation omitted). Thus, "[a] claim for rescission under section 517.211 includes: 1) a misrepresentation or omission, 2) of a material fact, 3) on which the buyer relied." *J.P. Morgan Sec., LLC v. Geveran Invs. Ltd.*, 224 So. 3d 316, 324 (Fla. 5th DCA 2017).

A common law claim for rescission, on the other hand, is a purely equitable remedy that ordinarily requires pleading specific facts. That is, to state a claim for rescission of a contract under Florida law, a plaintiff must plead:

> (1) [t]he character or relationship of the parties; (2) [t]he making of the contract; (3) [t]he existence of fraud, mutual mistake, false representations, impossibility of performance, or other ground for rescission or cancellation; (4) [t]hat the party seeking rescission has rescinded the contract and notified the other party to the contract of such rescission; (5) [i]f the moving party has received benefits from the contract, he should further allege an offer to restore these benefits to the party furnishing them, if restoration is possible; [and] (6) [l]astly, that the moving party has no adequate remedy at law.

*Barber v. America's Wholesale Lender*, 542 Fed. App'x 832, 836 (11th Cir. 2013) (quoting *Billian v. Mobil Corp.*, 710 So.2d 984, 991 (Fla. 4th DCA 1998)). Beyond the necessary factual averments, a plaintiff seeking equitable rescission must also take care to ensure that it does not "ratif[y] the contract" at issue by seeking damages, as in so doing the plaintiff proves that it has a remedy at law, thereby foreclosing its claim for rescission. *Mazzoni Farms, Inc.*, 761 So.2d at 617. In short, a claim for rescission and a claim for damages are mutually exclusive at common law.

5

Although on its face, the FSIPA makes rescission available as a remedy upon violation of the statute—thereby making it a statutory, rather than purely equitable claim for relief at common law—the requirements for obtaining rescissory damages are somewhat unclear. The Eleventh Circuit has observed in other contexts that while "[u]nder section 517.211" a statutory violation "automatically renders the seller [of securities] liable in rescission," "section 517.211 . . . does not itself speak to whether proceedings under that section are legal or equitable in character. Yet, while the provision merely sets forth alternative remedies, Florida courts have made the equitable nature of the action for rescission under this statute apparent." *Scheurenbrand v. Wood Gundy Corp.*, 8 F.3d 1547, 1551 (11th Cir. 1993) (citing *Rousseff*, 537 So. 2d at 981; *Davis v. McGahee*, 257 So. 2d 62, 63–64 (Fla. 1st Dist. Ct. App. 1972)).

In contrast, numerous courts enforcing the FSIPA—and the fraud provisions of section 517.301 specifically—have mechanically applied the different statutory test for rescission claims, unencumbered by the specific pleadings required for a common law rescission claim. *See, e.g., Energy Supreme LLC v. Supreme Energy Res., Inc.*, No. 15-CV-60034, 2016 WL 11783296, at *8 (S.D. Fla. July 20, 2016) ("Under section 517.211 of the Florida Statutes, it is clear that rescission is available as a remedy. Defendants cannot then argue that they were not placed on notice that Plaintiff might seek rescission if it were to prevail on its FSIPA claim."); *HCM High Yield Opportunity Fund, LP v. Skandinaviska Enskilda Banken AB*, No. 99-1350, 2001 WL 36186526, at *23–24 (S.D. Fla. Dec. 14, 2001) (noting "the equitable remedy of rescission under FSIPA includes 'recissionary damages,'" but that as at common law, "the remedies of rescission and money damages are mutually exclusive" (quoting *Fallani v. Am. Water Corp.*, 574 F. Supp. 81, 84 (S.D. Fla. 1983))); *cf. Garland v. Advanced Medical Fund, L.P. II*, 86 F. Supp. 2d 1195, 1206 (N.D. GA. 2000) ("§ 517.301 creates . . . rights different from those found at common law.").

All of this has numerous implications in this matter. First, it is unclear whether Plaintiff's statutory claims for rescission are barred by equitable considerations, such as notice, the availability of remedies at law, and any prior claim for damages. Second, it is unclear whether Plaintiff's statutory rescission claims vitiate every part of a contract, including choice of law provisions. Finally, as reasonable reliance is an element of both common law fraud and FSIPA claims, it is unclear what effect, if any, the statutory or equitable character of Plaintiff's request for rescission has on its ultimate viability, in light of the SPA waiver provisions.

Accordingly, for the foregoing reasons, it is **ORDERED AND ADJUDGED**:

1) The Parties **SHALL APPEAR** for oral argument on **March 6, 2025, at 1:15 PM** at the Paul G. Rogers Federal Courthouse, 701 Clematis St, in West Palm Beach, Florida. The Parties must be prepared to address the following questions:

    a. Are statutory rescission claims brought pursuant to Fla. Stat. § 517.211 subject to the equitable constraints usually imposed on common law rescission claims?

    b. Do statutory rescission claims brought pursuant to Fla. Stat. § 517.211 vitiate the underlying agreement's choice of law provisions, as at common law?

    c. Under the laws of Florida, or of Delaware and New York, do the SPA waiver provisions foreclose Plaintiff's statutory rescission claims?

2) On or before **March 3, 2025**, the Parties **SHALL FILE** supplemental briefing, not to exceed ten (10) pages, addressing the questions above. Defendants may collectively submit no more than **two** supplemental briefs, one for each Motion to Dismiss.

**SIGNED** in Chambers at West Palm Beach, Florida, this 7 day of February, 2025.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE