UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:23-CV-81503-MIDDLEBROOKS/MATTHEWMAN

2 3 SUITED, LLC,

        Plaintiff,

vs.

JIGARKUMAR PATEL *et al*.,

        Defendants.
_____/

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE AMENDED COMPLAINT**

Pursuant to the Court's February 7, 2025 Order Setting Oral Argument, [D.E. 90] ("Order"), Plaintiff 2 3 Suited, LLC ("Plaintiff") files its supplemental brief in support of its Opposition to Defendants' Motions to Dismiss the Amended Complaint, [D.E. 83] ("Opposition").

**INTRODUCTION**

In the Order, the Court requested further briefing addressing the following questions:

a. Are statutory rescission claims brought pursuant to Fla. Stat. § 517.211 subject to the equitable constraints usually imposed on common law rescission claims?

b. Do statutory rescission claims brought pursuant to Fla. Stat. § 517.211 vitiate the underlying agreement's choice of law provisions, as at common law?

c. Under the laws of Florida, or of Delaware and New York, do the SPA waiver provisions[1] foreclose Plaintiff's statutory rescission claims?

Order at 7. The answers to the questions are "No," "Yes," and "No," respectively. Florida law is clear that claims seeking rescission under Fla. Stat. § 517.011 *et seq.* ("FSIPA") are statutory

---

[1] Plaintiff adopts the Court's terminology of "SPA Waiver Provision" to refer to the identical "Non-Public Information" provisions of Section 3.1(b) of the SPAs. *See* Am. Compl. ¶ 31.

1

claims which are unconstrained by the prerequisites of common law rescission claims. Plaintiff explained as much in its Opposition, *see* Opp. at 2 ("If a plaintiff adequately states an FSIPA claim, there are no procedural prerequisites to seeking rescission other than that the plaintiff still owns the securities at issue, which is undisputed here."), and Defendants[2] offered no argument or authority to the contrary in their respective motions or replies, essentially conceding the point.[3]

However, the impact of the remedy of rescission, whether statutory or equitable in nature, is the same: to vitiate all parts of the underlying agreement and restore the parties to their pre-contractual state. For this reason, the SPAs' choice of law provisions do not come into play here. Nor does the SPA Waiver Provision foreclose Plaintiff's ability to bring claims for rescission under FSIPA, the Securities Exchange Act, or common law. Plaintiff has shown that, under any theory of rescission, its claims are well-pleaded and should proceed to discovery.

## ARGUMENT

### I. Statutory Rescission Claims Brought Pursuant to Fla. Stat. § 517.211 or the Securities Exchange Act Are Not Subject to Common Law Constraints.

As Defendants concede, Plaintiff's FSIPA claim is "*not* an equitable rescission claim," but rather is a distinct "statutory claim" for which rescission is the statutorily-prescribed remedy. Jigar Patel Reply at 3-4. Even though the statutory remedy of rescission under FSIPA and the analogous remedy under the federal securities laws was "adapted from common-law (or equitable) rescission," statutory rescission "differs significantly from the source material." *Rensel v. Centra Tech, Inc.*, No. 17-CV-24500, 2019 WL 6828270, at *4 (S.D. Fla. Dec. 13, 2019) (quoting *Pinter*

---

[2] For simplicity's sake, Defendants Larry Patel and Larry Patel 2018 Irrevocable Trust are hereinafter collectively referred to as "Larry Patel" and the remaining defendants are collectively referred to as "Jigar Patel." Larry Patel and Jigar Patel are collectively referred to as "Defendants."

[3] *See* Larry Patel Motion [D.E. 80]; Larry Patel Reply, [D.E. 89]; Jigar Patel Motion [D.E. 81]; Jigar Patel Reply [D.E. 88]; *Off. of the Atty. Gen. v. Smartbiz Telecom LLC*, 688 F. Supp. 3d 1230, 1239 (S.D. Fla. 2023) ("[T]he defendant concede[s] counterarguments raised in the plaintiff's response by not addressing the counterarguments in its reply.").

*v. Dahl*, 486 U.S. 622, 641, n.18 (1988))[4]; *see also Carran v. Morgan*, 510 F. Supp. 2d 1053, 1062 (S.D. Fla. 2007) (emphasizing the distinction between common law rescission and statutory rescission under FSIPA); *HCM High Yield Opportunity Fund, LP v. Skandinaviska Enskilda Banken AB*, No. 99-CV-1350, 2001 WL 36186526, at *23-24 (S.D. Fla. Dec. 14, 2001) (same).

One significant difference is that to adequately state a claim for rescission under FSIPA, a plaintiff must simply satisfy the language of the statute, which does not include any equitable elements or procedural prerequisites, such as notice or the unavailability of an adequate remedy at law. *See, e.g.*, *Barnett v. Blane*, No. 11-CV-14345, 2013 WL 1001963, at *2-3 (S.D. Fla. Mar. 13, 2013). The Florida Supreme Court made this clear in *E. F. Hutton & Co., Inc. v. Rousseff*:

> Because section 517.211 contains an express civil liability provision, *Florida courts* need fashion no court-made civil right. They *need only follow the clear language of the statute.* Section 517.211 says that if a seller (or buyer) is untruthful in a sale, the buyer (or seller) can rescind the transaction and get his money back.

537 So. 2d 978, 981 (Fla. 1989) (emphases added).

Accordingly, even though Florida courts and the Eleventh Circuit have referred to the "equitable" nature of rescissory relief under FSIPA given its derivation from common law rescission, *see id*; *Scheurenbrand v. Wood Gundy Corp.*, 8 F.3d 1547, 1551 (11th Cir. 1993), no Florida court has held that rescission under FSIPA is subject to any equitable constraints and all case law interpreting FSIPA is to the contrary. Jigar Patel all but conceded this in his Reply, acknowledging that "[c]laims under the FSIPA . . . are not common law rescission claims, which require denial of the contract and a lack of an adequate remedy at law." Jigar Patel Reply at 4.

Indeed, further emphasizing that FSIPA is not subject to the same equitable constraints as

---

[4] "The remedial effect of § 517.211 is similar to that of § 12(2) of the Securities Act of 1933. . . . The remedy specified is rescission, or rescissionary damages if the defrauded purchaser has already disposed of the securities." *Kane v. Shearson Lehman Hutton, Inc.*, 916 F.2d 643, 646 (11th Cir. 1990) (citation omitted). Rescission is also "an available remedy under Rule 10b-5." *Bruschi v. Brown*, 876 F.2d 1526, 1532 (11th Cir. 1989).

a common law rescission claim (such as the unavailability of an adequate remedy at law), Florida courts have held that rescission is available to FSIPA plaintiffs even if they fail to expressly or exclusively plead rescission, rather than damages. *See Hind v. FxWinning Ltd.*, No. 23-CV-23139, 2024 WL 2801521, at *18 (S.D. Fla. May 31, 2024) ("The Court declines to dismiss the FSIPA claim on the basis that the Plaintiffs have not specified whether they seek damages or rescission. [The case law] . . . does not support the proposition that a plaintiff must specifically plead either rescission or damages at the motion to dismiss stage."); *Energy Sup. LLC v. Sup. Energy Resources, Inc.*, No. 0:15-CV-60034, 2016 WL 11783296, at *8 (S.D. Fla. July 20, 2016) (rejecting the argument at summary judgment that the plaintiff "was required to plead a rescission cause of action or remedy in its Complaint" because the plaintiff "can seek rescission pursuant to the plain terms of section 517.211"); *Barnett*, 2013 WL 1001963, at *2 (where an FSIPA plaintiff sought *both* rescission and damages, dismissing the damages request and allowing the FSIPA rescission claim to proceed); *Carran*, 510 F. Supp. 2d at 1061-62 ("This element is a matter of proof which need not be specifically pled, especially in light of the election of remedies which Plaintiff need not make at this time.").

Finally, even if FSIPA claims *were* subject to the equitable constraints imposed on common law rescission claims (they are not), Plaintiff has sufficiently pled the relevant elements to survive dismissal. *See* Opp. at 7, 9-11. As for notification of intent to rescind, Defendants do not dispute that on June 21, 2023, Plaintiff sent Defendants a demand letter stating: "2 3 Suited hereby demands the refund of the entirety of its Investments, at which time it will return the common stock it received." Am. Compl. ¶ 53. Plaintiff also has established the absence of an adequate remedy at law, given that FSIPA precludes it from seeking damages by its plain language because Plaintiff "still owns the security." Fla. Stat. § 517.211(2). And finally, Plaintiff's prior

4

request for damages in its original Complaint does not preclude it from seeking rescission in the Amended Complaint under the foregoing authorities, *see, e.g.*, *Hind*, 2024 WL 2801521, at *18, and because the Amended Complaint "supersedes the former pleading" and "render[s] null [any] contradictory allegations." *Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211, 1219 (S.D. Fla. 2020) (quoting *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) & *Seiger by & through Seiger v. Philipp*, 735 F. App'x 635, 637-38 (11th Cir. 2018)); *see also Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006).

## II. Statutory Rescission Claims Brought Pursuant to Fla. Stat. § 517.211 Vitiate the Entire Underlying Agreement, Including Choice of Law Provisions.

While statutory rescission under Fla. Stat. § 517.211 does not require a plaintiff to plead all the elements of common law rescission, the effect of the remedy is the same: it restores the parties to their pre-contractual state by vitiating any underlying agreement for the sale of the securities. *See, e.g.*, *Beckel v. Fagron Holding USA, LLC*, No. 8:16-CV-2059, 2019 WL 5110828, at *8 (M.D. Fla. June 24, 2019) ("[Plaintiff] seeks to rescind the SPA and the Release, and, if rescinded, the SPA's choice-of-law provision and dispute resolution procedures would not apply." (citing *Mazzoni Farms, Inc. v. E.I. DuPont de Nemours & Co.*, 761 So. 2d 306, 313 (Fla. 2000))); Order on Mot. to Dismiss [D.E. 72] at 16 ("[R]ecission vitiates every part of a contract, rendering it unenforceable."). Statutory rescission under Fla. Stat. § 517.211 must be read consistently with the contract-voiding effects of common law rescission for multiple, independent reasons.

*First*, "[w]here, as here, the language of the statute is clear and unambiguous and conveys a clear and definite meaning, the statute should be given its plain and obvious meaning." *City of Miami v. Valdez*, 847 So. 2d 1005, 1008 (Fla. 3d DCA 2003). While "rescission" is not defined in FSIPA, *see* Fla. Stat. § 517.021 (definitions), the term has been defined to mean nullifying or abrogating an agreement, and "restoring the parties to their precontractual positions," as if the

5

parties had never entered into the contract in the first place. RESCISSION, Black's Law Dictionary (12th ed. 2024); *see also Borck v. Holewinski*, 459 So. 2d 405, 405 (Fla. 4th DCA 1984) ("The effect of rescission is to render the contract abrogated and of no force and effect from the beginning."); *Rensel*, 2019 WL 6828270, at *4 (finding that rescission under Section 12 of the Securities Act, on which FSIPA is modeled, "sought to put these injured investors back to their original, pre-investment position, thus effectuating the 'substantial equivalent of rescission'" (quoting *Pinter*, 486 U.S. at 641 n.18)); *Pelletier v. Stuart-James Co.*, 863 F.2d 1550, 1559 (11th Cir. 1989) ("Rescission is the avoidance or undoing of the transaction."). Florida courts interpreting similar statutory grants of rescission based on misrepresentations have held that they constitute an "unambiguous codification of the principle of law that a contract . . . is subject to being voided." *United Auto. Ins. Co. v. Salgado*, 22 So. 3d 594, 599 (Fla. 3d DCA 2009).

*Second*, the text of § 517.211(4) spells out the practical effect of an action for rescission, which equates to contractual nullification:

> (a) A purchaser may recover the consideration paid for the security or investment, plus interest . . . .
> (b) A seller may recover the security upon tender of the consideration paid for the security . . . .

Fla. Stat. § 517.211(4). This language confirms that a claim for rescission under § 517.211 returns the parties to their pre-contractual state: the purchaser recovers the full value of their investment, and the seller gets the security back. The legislature's use of the word "consideration" in Section § 517.211(4) leaves no doubt that any contract underlying the sale of a rescinded security transaction would be null and void because "[a] contract requires consideration to be enforceable." *World-Class Talent Experience, Inc. v. Giordano*, 293 So. 3d 547, 548 (Fla. 4th DCA 2020) (finding an SPA unenforceable for lack of consideration); *Pier 1 Cruise Experts v. Revelex Corp.*, 929 F.3d 1334, 1347 (11th Cir. 2019) ("[A]bsent consideration there is no contract—never was.").

6

The SPAs at issue here would thus be voided and unenforceable in their entirety, as there is no such thing as piece-meal rescission. *See, e.g.*, *Givens v. Vaughn-Griffin Packing Co.*, 146 Fla. 575, 586 (1941) ("Generally speaking a contract of sale may be rescinded only in its entirety; it cannot be affirmed in part and disaffirmed, repudiated or rescinded in part by either the seller or the buyer."); *Beckel*, 2019 WL 5110828, at *8 (disregarding an SPA's choice of law provision based on a request for rescission under FSIPA and holding that "[i]nstead, Florida law would apply").

### III. Plaintiff's Statutory Rescission Claims Are Not Barred By the "SPA Waiver Provision" Under Florida, Delaware, or New York Law.

Because rescission renders the SPAs at issue void in their entirety, their choice of law provisions calling for the application of Delaware and New York law would not apply and Florida background legal principles govern. *See* Order on Mot. to Dismiss at 16; *Beckel*, 2019 WL 5110828, at *8. Under Florida law, the SPA Waiver Provision does not bar Plaintiff's fraud claims because it indisputably lacks specific, explicit language stating that the SPAs cannot be rescinded based on fraud. In Florida, it is a "well settled rule 'that a party can not contract against liability for his own fraud[,]' absent *specific* contractual language to the contrary.'" *Bank of Am., N.A. v. GREC Homes IX, LLC*, No. 13-CV-21718, 2014 WL 351962, at *6 (S.D. Fla. Jan. 23, 2014) (emphasis added) (quoting *Oceanic Villas, Inc. v. Godson*, 148 Fla. 454, 458-59 (1941)). Thus, "a fraudulent inducement claim cannot be defeated by a contractual agreement unless the contract specifically states a fraud claim is not sufficient to negate the contract." *Id.* (quoting *Lower Fees, Inc. v. Bankrate, Inc.*, 74 So. 3d 517, 519 (Fla. 4th DCA 2011)); Order on Mot. to Dismiss at 16.

In their replies, Defendants argue that the SPAs contain "precisely the type of special provision which makes a contract incontestable an account of fraud, or for any other reason," because the SPA Waiver Provision purportedly "acknowledges that a fraud may have been committed—the alleged withholding of material nonpublic information—but waives any right to

7

vitiate the contract on account of that specific fraud." Jigar Patel Reply at 7; *see also* Larry Patel Reply at 6. But this argument stretches the language of the SPAs, Plaintiff's claims, and Florida law beyond all recognition. The SPA Waiver Provision simply states that each party may have "Non-Public Information" and that each party waives any claim against the other party "relating to such party's possession of Non-Public Information." Am. Compl. ¶ 31. Plaintiff's claims are not that Defendants possessed, or even that they merely failed to disclose, Non-Public Information. Plaintiff alleges, through specifically pleaded facts, that Defendants affirmatively and fraudulently misrepresented that Devi had paid its taxes when it had actually failed to pay millions in taxes. *See, e.g.*, Am. Compl. ¶¶ 19, 23-31, 34-42. It is beyond dispute that nothing in the SPAs disclaims such affirmative fraudulent misrepresentations, much less "specifically" and "explicitly" so, as Florida law requires. *See Lower Fees, Inc.*, 74 So. 3d at 519-20. For just this reason, arguments identical to Defendants' have been rejected by Florida courts. *See id.* (reversing dismissal based on purported "no-reliance" clause because that provision did not "*explicitly state[] that fraud is not a ground for rescission*" (emphasis added)).

      Defendants fail to address, much less attempt to distinguish, *Lower Fees* in their replies. Instead, Jigar Patel relies heavily on *Billington v. Ginn-La Pine Island, Ltd., LLLP*, 192 So. 3d 77 (Fla. 5th DCA 2016) to argue that even under Florida law, an anti-reliance provision may be sufficient to preclude a fraud claim. *See* Jigar Patel Reply at 7. But this argument fails for two reasons: (1) the SPA Waiver Provision here is not an explicit disclaimer of reliance on specified representations like the anti-reliance provision in *Billington*; and (2) the *Billington* court noted that its ruling directly conflicts with the Fourth DCA's holding in *Lower Fees* that an anti-reliance provision is *insufficient* to immunize a defendant from fraud. The Eleventh Circuit has followed *Lower Fees*, not *Billington*. *See, e.g.*, *Global Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022,

8

1028 (11th Cir. 2017) ("[Absent] a specific disclaimer of liability for fraud[,] . . . no matter the context, 'a party cannot contract against liability for [its] own fraud.'" (quoting *Oceanic Villas*, 4 So. 2d at 690 & citing *Lower Fees*, 74 So. 3d at 519); *see also Molbogot v. MarineMax E., Inc.*, No. 20-CV-81254-MATTHEWMAN, 2022 WL 2670297, at *9 (S.D. Fla. July 11, 2022) (rejecting defendant's reliance on *Billington*, which was "decided before *Global Quest*," because the contract "does not contain an explicit and specific disclaimer of liability for fraud, as required by the applicable case law"); *Fong Kai Bus. Grp. Co., Ltd v. Shade Saver, Inc.*, No. 5:18-CV-540, 2019 WL 12304385, at *5 (M.D. Fla. Apr. 9, 2019) ("*Billington* and its predecessor cases in the Fifth District appear to be anomalies under Florida law."). The SPAs simply cannot be read to bar Plaintiff's claims under Florida law.

Even if Delaware or New York law applied despite Plaintiff's rescission of the SPAs (it does not), the result would be the same. In its Opposition, Plaintiff explained how the SPA Waiver Provision fails the test for a non-reliance provision under both Delaware and New York law in that: (1) it does not disclaim reliance on anything; and (2) it does not specify any extra-contractual "representations or statement of fact" on which reliance is disclaimed. Opp. at 12-14. To the contrary, it only waives claims for simply failing to disclose Non-Public Information. Am. Compl. ¶ 31. The SPAs thus cannot be read to bar Plaintiff's claims under Delaware or New York law either. *See, e.g.*, *Kronenberg v. Katz*, 872 A.2d 568, 591 (Del. Ch. 2004) (holding that "an anti-reliance clause" requires "a clear and unambiguous contractual provision in which the plaintiffs *forthrightly affirm that they are not relying upon any representation or statement of fact* not contained within the . . . Agreement." (emphasis added)); *Manufacturers Hanover Tr. Co. v. Yanakas*, 7 F.3d 310, 318 (2d Cir. 1993) (an anti-reliance provision must "contain disclaimers of the representations that formed the basis of his claim of fraudulent inducement").

9

Equally important, because Plaintiff brings federal securities fraud claims, the "no-waiver" provision of Section 29(a) of the Securities Exchange Act precludes a finding that the SPAs bar Plaintiff's claims at the motion to dismiss stage. *See* 15 U.S.C. § 78cc. The law is clear and unambiguous that "*federal securities fraud claims cannot be dismissed based solely on the presence of a contractual anti-reliance provision.*" *Universal Am. Corp. v. Partners Healthcare Sols. Holdings, L.P.*, 61 F. Supp. 3d 391, 396 (D. Del. 2014); *AES Corp. v. Dow Chemical Co.*, 325 F.3d 174, 180 (3d Cir. 2003) ("We believe the conclusion inescapable that enforcement of the non-reliance clauses to bar [plaintiff's] fraud claims as a matter of law would be inconsistent with Section 29(a)."). While the SPA Waiver Provision is one factor that the Court may consider in assessing the reasonableness of reliance at summary judgment, applying the SPA Waiver Provision as an absolute legal bar on a motion to dismiss would violate Section 29(a). *AES*, 325 F.3d at 180.

Defendants do not meaningfully distinguish these authorities in their replies. *See* Jigar Patel Reply at 8 n.9. Instead, they primarily rely on *Harsco Corp. v. Segui*, 91 F.3d 337, 344 (2d Cir. 1996), but the Third Circuit expressly rejected the reasoning of *Harsco* in *AES*. *See* 325 F.3d at 183 ("We find *Harsco*'s reasoning unpersuasive."). Since then, both New York and Delaware courts have followed *AES*. *See, e.g.*, *Frommer v. MoneyLion Techs. Inc.*, No. 23-CV-6339, 2024 WL 2158589, at *8 (S.D.N.Y. May 14, 2024) ("[B]oth the Second and Third Circuits have held that Section 29(a) of the Exchange Act prevents non-reliance clauses from acting as an absolute bar to securities claims under Rule 10b-5 premised on statements not contained within the relevant agreement."). Defendants' arguments as to the preclusive effect of the SPA Waiver Provision fail for this additional reason.

## **CONCLUSION**

For these reasons and those set out in the Opposition, Defendants' Motions to Dismiss should be denied in their entirety.

Dated:  March 3, 2025                                   Respectfully submitted,

/s/ *James E. Gillenwater*

**GREENBERG TRAURIG, P.A.**
333 Southeast Second Avenue, Suite 4400
Miami, Florida 33131
Telephone:  305.579.0500
Facsimile:  305.579.0717
MARK A. SALKY
Florida Bar No. 058221
Mark.Salky@gtlaw.com
JAMES E GILLENWATER
Florida Bar No. 1013518
gillenwaterj@gtlaw.com
JESSICA JOHNSON FISHFELD
Florida Bar No. 1018904
Jessica.Fishfeld@gtlaw.com
EMILEY PAGRABS
Florida Bar No. 1030834
pagrabse@gtlaw.com
JAMERIS OCASIO PALACIOS
Florida Bar No. 1049691
Jameris.ocasiopalacios@gtlaw.com

*Attorneys for Plaintiff 2 3 Suited LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 3rd day of March, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ James E. Gillenwater*
JAMES E. GILLENWATER

| | |
|---|---|
| **VENABLE LLP**<br>W. Barry Blum<br>Florida Bar No. 379301<br>bblum@venable.com<br>Jonathan E. Perlman<br>Florida Bar No. 773328<br>jeperlman@venable.com<br>Brett M. Halsey<br>Florida Bar No. 0013141<br>bmhalsey@venable.com<br>801 Brickell Avenue Suite 1500<br>Miami, FL 33131<br>Telephone: 305.349.2300<br><br>and<br><br>**CLARK HILL**<br>Charles E. Murphy (admitted Pro Hac Vice)<br>cmurphy@clarkhill.com<br>Robin S. Weiss (admitted Pro Hac Vice)<br>rsweiss@clarkhill.com<br>220 Park Street, Suite 200<br>Birmingham, MI 48009<br>Telephone: 248.988.35879<br><br>***Attorneys for Defendants Jigarkumar Patel, Dipak Patel, Pradip Sanjay Patel, Uday Raval, Marvele LLC, Six Groove LLC, and Weldon Development LLC*** | **SHOOK, HARDY & BACON L.L.P.**<br>Citigroup Center, Suite 3200<br>201 S. Biscayne Boulevard<br>Miami, Florida 33131<br>T: 305.358.5171 \| F: 305.358.7470<br>Daniel Brandon Rogers<br>E: drogers@shb.com<br>Delaney Kaye O'Neill<br>doneill@shb.com<br>Lucia R. McMurray<br>lmcmurray@shb.com<br>Mark C. Tatum<br>mtatum@shb.com<br>Todd W. Ruskamp<br>truskamp@shb.com<br><br>***Attorney for Defendants Larry Patel 2018 Irrevocable Trust and Larry Patel*** |