**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 23-CV-81503-MIDDLEBROOKS

2 3 SUITED, LLC,

      Plaintiff,

v.

JIGARKUMAR PATEL, et al.,

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DE 157)

THIS CAUSE is before the Court upon Defendants Larry Patel 2018 Irrevocable Trust and Larry Patel's Motion for Summary Judgment (DE 157), filed November 10, 2025. The Motion is fully briefed. (DE 168, DE 185). For the following reasons, the Motion is granted.

**I.**     **Background**

Plaintiff 2 3 Suited, LLC ("Plaintiff") brings this action under the Securities Exchange Act ("SEA"), 15 U.S.C. § 78j(b) and Rule 10b-5 (Counts I–IV), the Florida Securities and Investor Protection Act ("FSIPA"), Fla. Stat. § 517.301 (Counts V–VII), and for civil conspiracy (Count XI). According to the Amended Complaint (DE 73), Plaintiff seeks rescission of its 2021 purchases of Devi Holdings, Inc. ("Devi") stock, alleging that Defendant Jigar Patel ("Jigar")—acting as agent for all four Sellers, including the Larry Patel 2018 Irrevocable Trust and Larry Patel ("Larry Patel Defendants")—made material misrepresentations to Plaintiff's principal, Leonard Tannenbaum. According to the Amended Complaint, Defendants induced more than $25 million in stock purchases by falsely assuring Plaintiff that Devi's taxes were paid and by concealing severe operational problems. When the truth emerged—millions in undisclosed tax

liabilities and significant undisclosed operational failures—Plaintiff's shares became essentially worthless, prompting this suit for rescission.

The facts, as culled from pleadings, affidavits, declarations, exhibits, and taken in the light most favorable to the non-moving party, for the purposes of this motion are as follows:

### The Parties and the Stock Purchase Agreement

Plaintiff is an entity formed and solely owned by Tannenbaum for the purpose of holding shares in Devi. Tannenbaum is a sophisticated investor who has underwritten almost $10 billion of loans and taken four entities public. Tannenbaum formed the Plaintiff entity in February 2021, shortly before its first purchase of Devi stock.

On February 12, 2021, Plaintiff purchased 15 million shares of Devi from the Larry Patel 2018 Irrevocable Trust pursuant to a Stock Purchase Agreement ("SPA"). Tannenbaum signed the agreement on behalf of Plaintiff, and Trustee Todd Campbell signed on behalf of the Trust. Although Larry Patel did not sign the SPA, Plaintiff notes that he had previously signed a Term Sheet as an authorized signatory for the Trust.

The SPA contains two express representations by the Trust: that it was the record and beneficial owner of the shares, and that it had authority to execute the agreement and transfer the shares free of liens.

### Communications Concerning the Transaction

It is undisputed that Tannenbaum never communicated with Larry Patel or the Trust. He testified that he had never spoken with Larry Patel. Instead, he communicated only with Jigar regarding the sale of Devi stock. He also testified that he never spoke with Defendants Dipak Patel ("Dipak") or Uday Raval ("Uday").

2

The Larry Patel Defendants assert that Jigar Patel never represented himself as an agent of Larry Patel or the Trust. Plaintiff disputes this and contends that Jigar represented he was coordinating the sale of Larry's shares through Dipak and Uday.

Plaintiff further asserts that Uday acted as an intermediary between Larry Patel and others involved in the sale. According to Plaintiff, Uday communicated directly with Larry Patel about the sale, "passing on the messages back and forth," and relayed Larry's instructions to Dipak.

### Payment to Uday Raval

After Plaintiff purchased the shares, either Plaintiff or Mr. Tannenbaum personally paid Uday $50,000.

### Devi's Subsequent Asset Sales and Receivership

Following Plaintiff's purchase, Devi sold assets in New Mexico, Georgia, Maryland, and Arizona. Devi is now in receivership, and its remaining assets are being liquidated.[1]

The Larry Patel Defendants move for summary judgment on the basis that Jigar, Dipak and Uday were not agents for Defendants.[2]

## II.    Legal Standard

Under the governing legal standard, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material for the purposes of summary judgment only if it 'might affect the outcome of the suit under the governing law.'" *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Genuine disputes are those in which the evidence is such that a

---

[1] Plaintiff submitted "additional facts" in its Counterstatement (DE 168), but the overwhelming majority of those facts do not address the issue presented here.

[2] They make other arguments; however, they are mooted by this ruling.

reasonable jury could return a verdict for the non-movant. For factual issues to be considered genuine, they must have a real basis in the record." *Ellis v. England*, 432 F.3d 1321, 1325–26 (11th Cir. 2005) (citation omitted). The party moving for summary judgment bears the burden of establishing that there is insufficient evidence to support the non-moving party's case. *Id.* at 325. Moreover, "[t]he court must view all evidence in the light most favorable to the non-movant and must resolve all reasonable doubts about the facts in favor of the non-movant." *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.*, 894 F.2d 1555, 1557–58 (11th Cir. 1990) (citation omitted).

## III.   Discussion

Plaintiff's claims against the Larry Patel Defendants rest on the theory that Jigar, Dipak and Uday made material misrepresentations or omissions to induce Plaintiff to purchase the Larry Patel Defendants' shares in Devi, and that those individuals acted as agents for the Larry Patel Defendants in doing so. At summary judgment, the issue is whether the Larry Patel Defendants have shown, as a matter of law, that Jigar, Dipak and Uday were not their agents.

Plaintiff does not dispute that there is no evidence of actual agency. (DE 168 at 9–11). The only remaining question is whether Plaintiff has identified evidence creating a triable issue of apparent agency. To establish apparent agency, there must be (1) a representation by the principal that the actor is his or her agent, (2) reliance on that representation by a third party, and (3) a change in position by the third party in reliance on that representation. *See Stalley v. Transitional Hosps. Corp. of Tampa*, 44 So. 3d 627, 630 (Fla. Dist. Ct. App. 2010) (citing *Mobil Oil Corp. v. Bransford*, 648 So.2d 119, 121 (Fla.1995)). "As to the first element, when there has been no representation of authority by the principal, no apparent or implied agency arises." *Id.*

The record contains no evidence that the Larry Patel Defendants, the principals, represented to Plaintiff that Jigar, Dipak, or Uday were their agents. The Larry Patel Defendants

4

never communicated with Plaintiff or Tannenbaum, and Plaintiff identifies no statement, document, instruction, or conduct by the Larry Patel Defendants suggesting that Jigar, Dipak, or Uday were authorized to act on their behalf. Without any evidence of principle-driven manifestation of authority, apparent agency cannot arise as a matter of law.

Plaintiff argues that I previously rejected Defendants' agency arguments when denying the motion to dismiss. (DE 168 at 10). That is incorrect. At the pleading stage, I was required to accept the complaint's allegations as true. *See Diverse Power, Inc. v. City of LaGrange, Georgia*, 934 F.3d 1270, 1273 (11th Cir. 2019). The amended complaint alleged an agency relationship (*see* DE 98 at 21), but summary judgment requires evidence, not allegations. Plaintiff has produced none.

Plaintiff next asserts that Larry "worked directly with" Uday and Dipak, that they "reported" to Jigar, and that Jigar conveyed Larry's "demands" during negotiations. (DE 168 at 10-11). Plaintiff also relies on testimony that Jigar told Tannenbaum that Uday was an "agent" for Larry Patel. Even if accepted as true, these assertions describe only the conduct of the alleged agents. Florida law requires a manifestation by the principal, not by the purported agents themselves. *Stalley*, 44 So. 3d at 630.

Moreover, Plaintiff identifies no evidence describing the roles, duties, or authority of these individuals vis-à-vis the Larry Patel Defendants, and no evidence that the Larry Patel Defendants directed, authorized, or knowingly permitted them to act as intermediaries. Without evidence defining their roles, Plaintiff cannot show that the Larry Patel Defendants placed them in a position that would reasonably convey authority.

Plaintiff relies heavily on *Borg-Warner Leasing v. Doyle Electric Co.*, 733 F.2d 833 (11th Cir. 1984). But *Borg-Warner* involved principal-created indicia of authority: the principal provided the intermediary with its own branded lease documents and paid him a finder's fee. *Id.*

at 835–36. Those principal-driven actions could reasonably create an appearance of authority. None of those features exist here. The Larry Patel Defendants did not communicate with Plaintiff, did not provide documents or instructions to any intermediary, and did not participate in the transaction in a manner that could create apparent authority. Plaintiff's $50,000 payment to Uday does not change the analysis; unlike in *Borg-Warner*, there is no evidence the principal paid the intermediary or even knew of the payment.

Plaintiff also notes that *Borg-Warner* recognized that apparent agency is often a factual issue. That is true as a general proposition, but it does not mean that every apparent-agency claim must reach a jury. *Borg-Warner* did not hold that apparent agency is *always* a factual question; it held only that, where there is evidence of principal-driven manifestations, a jury may resolve disputed inferences. Here, by contrast, the undisputed record contains no manifestation—direct or indirect—by the Larry Patel Defendants that any of these individuals were authorized to act on their behalf. Without evidence of a principal-driven representation, Plaintiff cannot satisfy the first and essential element of apparent agency. Thus, *Borg-Warner*'s recognition that factual disputes may arise does not preclude summary judgment on this record.

Finally, Plaintiff cites cases recognizing that apparent agency may arise "by implication." (DE 168 at 10). But those cases involved implications drawn from the principal's own conduct— its communications, its documents, its involvement, or its knowing acquiescence. Here, Plaintiff identifies no such conduct by the Larry Patel Defendants. The only implications Plaintiff draws arise from the actions or statements of Jigar, Uday, or Dipak, which cannot establish apparent agency as a matter of law.

Because Plaintiff has failed to identify any evidence of a principal-driven manifestation by the Larry Patel Defendants, it cannot establish the first and essential element of apparent agency.

6

Without actual or apparent—there is no basis on which to impute the alleged misrepresentations or omissions to the Larry Patel Defendants.

Accordingly, the Court need not address Plaintiff's remaining arguments; in the absence of agency, Plaintiff's claims against the Larry Patel Defendants cannot proceed as a matter of law.

## IV.    Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1) Defendants Larry Patel 2018 Irrevocable Trust and Larry Patel's Motion for Summary Judgment (DE 157) is **GRANTED.**

2) The Court will separately issue Judgment for Defendants.

**SIGNED** in Chambers at West Palm Beach, Florida, this ____ day of February, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

7